IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD R. HULL,           Plaintiff | ) ) ) |
| vs. | ) Civil Action No. 09-610 ) Judge Nora Barry Fischer/ |
| CAPT. LEGGET; CAPT. TREMPUS; SCI-FAYETTE'S SECURITY TEAMS; SUPERINTENDENT COLEMAN; NICHOSON, Deputy Superintendent,           Defendants | ) Chief U.S. Magistrate Judge Amy Reynolds Hay ) ) ) ) |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

II.   Report

The plaintiff, Donald R. Hull, presented a motion for injunctive relief on May 19, 2009, unaccompanied by a complaint, seeking to institute suit against the defendants. The Court ordered Plaintiff to: (1) submit a complaint in proper form and (2) present a proper motion to proceed as a pauper or pay the filing fee. (Doc. 2). Plaintiff was to cure the deficiencies in his filing by August 26, 2009. To date, Plaintiff has not responded to the Court's Order.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must

consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Order to present a complaint and filing fee or petition to proceed as a pauper in order to have his case proceed, which failure weighs heavily against him. It is solely Plaintiff's responsibility to respond to Orders of Court and prosecute his case and his failure to do so weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's orders -- since no complaint has been filed, service has not been ordered, there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendant[s] may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).

      The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff is a prisoner and did not pay the filing fee, it appears that he does not have financial means and thus, it does not appear that monetary sanctions are appropriate. Because plaintiff has failed to respond to the Court's Order in any fashion it appears that he has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

      In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.D.2, the plaintiff has ten (10) days to file written objections. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 22 September, 2009

cc:    Donald R. Hull
      CF-1994
      SCI Fayette
      Box 9999
      LaBelle, PA 15450-0999